UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Derrek PANNELL,

                    Petitioner,

  - v. -

UNITED STATES of America,

                    Respondent.

-----------------------------------------------------------x
GERSHON, United States District Judge:

## OPINION AND ORDER

Case No. 1:10-cv-05166-NG

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 15 2014 ★
BROOKLYN OFFICE

Petitioner Derek Pannell moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. A jury found Pannell guilty of conspiracy to assault and rob employees of the United States Postal Service, robbery of the Postal Service, and unlawful use of a firearm. Pannell's judgment of conviction was filed on May 8, 2008. The evidence against Pannell, including the evidence that he was one of the robbers, was overwhelming. His conviction was affirmed on April 7, 2009. *United States v. Pannell*, 321 Fed. App'x 51 (2d Cir. 2009), *cert. denied*, 558 U.S. 1019 (2009).

Petitioner now asserts that his highly experienced trial and sentencing counsel were ineffective in three respects: trial counsel failed to seek dismissal of the Indictment on Speedy Trial Act grounds; trial counsel failed to move for suppression of pretrial identifications; and sentencing counsel failed to challenge sentencing enhancements on the ground that the enhancements violated the Sixth Amendment because the court, and not the jury, made the factual findings underlying the enhancements.

- 1 -

I.  **Timeliness of Petition**

To begin with, the government argues that petitioner's motion for post-conviction relief is time-barred. As relevant here, a § 2255 motion must be brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a federal criminal defendant takes a direct appeal, the judgment of conviction becomes final for § 2255 purposes "when the time for filing a certiorari petition expires" or, if the defendant timely petitions for certiorari, when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, although petitioner's § 2255 motion was filed within one year of the Supreme Court's denial of his certiorari petition, the government argues that the motion is time-barred because the petition for certiorari itself was not timely filed.

A petition for certiorari "is timely when it is filed . . . within 90 days after entry of the judgment." Sup. Ct. R. 13.1. Accordingly, petitioner's time for seeking a writ of certiorari presumptively expired on July 6, 2009, ninety days after the Second Circuit entered judgment affirming his conviction, yet petitioner did not file his § 2255 motion until July 29, 2009. In his traverse, Pannell contends that he timely filed his certiorari petition, but that it was not docketed until a later date because the original petition did not comply with the Supreme Court's formatting rules. When a petition for certiorari suffers from a defect in form, a corrected petition "will be deemed timely" if submitted no more than 60 days after the date of a letter from the Clerk of the Supreme Court indicating the deficiency. Sup. Ct. R. 14.5. A review of the record, however, belies petitioner's contention: Pannell filed his petition for certiorari on July 29, 2009; the Clerk of the Supreme Court issued the letter of deficiency on August 5, 2009; and the corrected petition was filed on October 5, 2009. *See* Petition for Writ of Certiorari, *Pannell v. United States*, 558 U.S. 1019 (2009) (No. 09-424), 2009 WL 3236350; Aug. 5, 2009 Ltr. of

Deficiency (attached to petitioner's traverse). Pannell did not take this position in his corrected certiorari petition itself; rather, there he represented that, after the Second Circuit entered judgment on April 7, 2009, he timely filed a petition for rehearing in the court of appeals, *see* Petition for Writ of Certiorari at 1, which would have extended the deadline for petitioning for certiorari, *see* Sup. Ct. R. 13.3. This assertion may explain why the Clerk of the Supreme Court filed Pannell's certiorari petition, given that the Supreme Court's rules provide that "[t]he Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time." Sup. Ct. R. 13.2. There is, however, no indication on the face of the Second Circuit docket that Pannell ever filed such a petition for rehearing, and he does not provide any supporting evidence with his traverse.

In any event, as will be seen, the petition is without merit.

## II.    Ineffectiveness of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness," that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial review of counsel's performance is "highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner must also establish that "the deficient performance prejudiced the defense," *id.* at 687, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Courts need not address both prongs of the *Strickland* analysis, as a petitioner must prove both unconstitutionally deficient performance and prejudice; a failure to make either showing

- 3 -

will defeat an ineffectiveness of counsel claim. Accordingly, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an infectiveness claim" on one of the components, without addressing the other, "that course should be followed." *Id.*

A. **Failure to Seek Dismissal of the Indictment on Speedy Trial Grounds**

Petitioner challenges the delay in starting the trial from March 29, 2007 to September 17, 2007. Upon review of the various grounds for continuances set forth in the record, a motion to dismiss the Indictment would not have been successful, and therefore counsel was not constitutionally ineffective in not making such a motion.

The reasons for each continuance were stated on the record and included the unavailability of defense counsel, either petitioner's or a co-defendant's, the pendency of motions, and the need for new counsel for petitioner to prepare for trial. Ultimately, when petitioner's appointed lawyer was substituted by another, so that the substituted lawyer could be available to testify at a scheduled pretrial hearing or the trial, the trial date was moved forward from October 2, 2007 to September 17, 2007 because new counsel was available on that date. *See* Dkt. Entry, *United States v. Pannell*, No. 1:06-cr-00578-NG (E.D.N.Y. July 19, 2007).

Petitioner correctly notes that the court did not expressly state the rubric "interests of justice" in granting the continuances; however, it is clear from the record that the court appreciated the need for a speedy trial, even offering to look for a different judge to try the case if counsel's schedule and the court's were incompatible, an offer petitioner's counsel rejected. *See* Transcript of May 4, 2007 Conf., attached as Ex. 7 to Govt's Response. And, had a motion to dismiss on speedy trial grounds been made, the court assuredly would have placed on the record the express finding that the ends of justice served by the granting of each continuance

outweighed the best interests of the public and the defendant in a speedy trial, as required by (then) 18 U.S.C. § 3161(h)(7). *See Zedner v. United States*, 547 U.S. 489, 506-07; *United States v. Breen*, 243 F.3d 591, 596-97 (2d Cir. 2001), *cert. denied*, 534 U.S. 894. Under these circumstances, the challenge to the effectiveness of counsel is without merit.

### B. Failure to Move to Suppress Identifications

There was no sound basis for counsel to have moved to suppress the pretrial identifications of the three Post Office employees, who were victims of the offense and identified Pannell as one of the robbers; and, had such a motion been made, it would have been denied. Simply put, these identifications, although occurring before the trial, were not the type of identifications that give rise to a need for pretrial evaluation through a hearing under *United States v. Wade*, 388 U.S. 218 (1967). The pretrial identifications were made by the victims from viewing a surveillance video of the robbery and still photographs taken from that video. Showing the victims of a crime actual video of the crime in progress and asking them if they can identify the perpetrators raises none of the potential problems raised by procedures such as show-ups and line-ups.

Even applying the *Manson v. Braithwaite*, 432 U.S. 98 (1977), analysis to the facts here, there was no basis for challenging the identifications. As petitioner argues, "reliability is the linchpin in determining the admissibility of identification testimony." *Id.* at 114. Here, the identifications, including the pretrial identifications, were explored at length on cross-examination, by defense counsel, at the trial. Despite that, the record establishes that there was no hint of improper suggestiveness, and the independent reliability of the witnesses was compelling. The petitioner points to nothing that is impermissibly suggestive about law enforcement officers showing the video and still photographs to the victims and asking them if they can identify the robbers. In addition, as abundantly clear from the trial testimony, the

witnesses shown the videos were the manager of the Post Office and two other employees with whom Pannell had worked, and each therefore had a strong independent and reliable basis for his or her identification.

Therefore, the highly experienced trial counsel was not constitutionally ineffective in not moving to suppress the identifications. Nor were the counsel who preceded him. Had they sought a pretrial motion, and the motion been heard, it would have been denied. Put another way, petitioner points to nothing that would have created a basis to successfully challenge the admissibility of the pretrial identifications. Therefore, petitioner can show neither unprofessional conduct nor prejudice.

### III. Failure of Counsel to Argue That Sentencing Guideline Enhancements Should Have Been Decided by the Jury And Could Not Be Decided by the Court at the Time of Sentencing

The petitioner argues that four Sentencing Guideline enhancements found by the court at the time of sentencing were required, under the Sixth Amendment, to be found by the jury, and that his counsel at sentencing was constitutionally ineffective for failing to so argue. The four determinations made by the court were that: there was over $50,000 in loss; petitioner was a leader of the conspiracy; petitioner caused serious bodily injury to one of the victims; and he obstructed justice by committing perjury. This argument is meritless, as these factual findings were not required to be made by the jury. In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court held that facts that increase the mandatory minimum sentence amount to an element of the charged offense and must be submitted to the jury. *Id.* at 2162-63. At the same time, the Court noted that not every "fact that influences judicial discretion must be found by a jury." *Id.* at 2163. "[B]road sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 828-29 (2010) (Within the sentencing range prescribed by statute, "the exercise of [sentencing] discretion does

not contravene the Sixth Amendment even if it is informed by judge-found facts" (internal quotation marks omitted).) Therefore, counsel's failure to make a Sixth Amendment argument regarding the enhancements was neither unprofessional nor prejudicial, as the argument would have been rejected.

## CONCLUSION

For the reasons stated above, the undisputed facts conclusively show that Pannell is entitled to no relief. Accordingly, the petition is summarily DENIED. Because petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253.

SO ORDERED.

s/Nina Gershon
**NINA GERSHON**
**United States District Judge**

**Dated: April 15, 2014**
**Brooklyn, New York**